**Celso HERNANDEZ–AGUIRRE, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 12–73578.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 9, 2014.[*]

Filed Dec. 17, 2014.

Matthew G. Holt, Esquire, Hurwitz Holt, APLC, San Diego, CA, for Petitioner.

Margaret Kuehne Taylor, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WALLACE, LEAVY, and BYBEE, Circuit Judges.

MEMORANDUM [**]

Celso Hernandez–Aguirre, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition for review and remand.

Hernandez–Aguirre contends that there is no rationale for concluding that his vol-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

untary return to Mexico terminated his accrual of continuous physical presence, where he had already accrued ten years of continuous physical presence at the time he accepted voluntary return. Because Hernandez–Aguirre raised this contention to the BIA, and the BIA did not consider it, we remand to the agency to consider in the first instance whether a voluntary return interrupts an alien's accrual of continuous physical presence where an alien has already accrued ten years of continuous presence at the time he accepts voluntary return. *Coronado v. Holder*, 759 F.3d 977, 987 (9th Cir.2014) (under the ordinary remand rule, we do not decide a claim the agency has not addressed, but remand the claim to the agency to consider in the first instance).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.